SIGNED THIS: August 18, 2022

                                                          

**Mary P. Gorman**
**United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| In Re | ) |
| | ) Case No.   22-70120 |
| Le La Nails, LLC, | ) |
| | ) Chapter 7 |
|         Debtor. | ) |
| | ) |
| In Re | ) |
| | ) Case No.   22-70305 |
| Autopro Transportation Inc., | ) |
| | ) Chapter 7 |
|         Debtor. | ) |

**O P I N I O N**

Before the Court are motions to dismiss filed by the United States Trustee ("UST") in each of the above-captioned cases. The UST alleges that each case was filed using an incorrect name for the intended debtor and that both cases were therefore filed by non-existent entities. For the reasons set forth below, both motions to dismiss will be granted.

## I.     Factual and Procedural Background

*A. Le La Nails, LLC*

Le La Nails, LLC filed a voluntary petition under Chapter 7 on March 14, 2022. Attorney Jeffrey Abbott signed and filed the petition. James Inghram was appointed and continues to serve as the Chapter 7 trustee in the case.

Trustee Inghram, apparently following his routine procedures, checked the name of Le La Nails, LLC in the Illinois Secretary of State's records and found no record of the alleged debtor. He also noted a discrepancy between the alleged debtor's name on the petition and the name on the tax returns provided to him. According to Trustee Inghram, at one of the several continued creditors meetings held in the case, he told the attorney appearing for Le La Nails, LLC that the name on the petition was incorrect and that the petition should be amended.

On June 27, 2022, the UST filed a motion to dismiss claiming that Le La Nails, LLC is not and never has been a legal entity eligible to file a bankruptcy case.[1] The UST pointed out that an entity with the name Le La Nails, Ltd. previously existed in Illinois but had been dissolved in 2011. The UST suggested that the intended debtor was most likely La Nails – HT LLC, an entity currently authorized to do business in Illinois and apparently owned by and sharing an address with the individual who signed the petition in this case. Because the entity that had been listed as the debtor on the petition did not

---

[1] The UST also filed a motion seeking review of the alleged debtor's transactions with its attorneys and a determination of the reasonableness of the fees charged. That motion is being decided separately from the motion to dismiss.

2

exist, however, the UST asserted that the non-existent entity could not be a debtor or a placeholder for another debtor and that the case should therefore be dismissed.

Attorney Abbott filed a response to the motion to dismiss admitting that the case was filed under an incorrect name and asserting that the correct name for the intended debtor was Le Nails – HT, LLC. He said that he had intended to amend the petition to correct the debtor's name earlier but had been delayed by the filing of the UST's motion to dismiss. He claimed that, because of the filing of the motion to dismiss, he was required to do research "to confirm adequate grounds for amendment." Attorney Abbott said that an amended petition would be filed, and he cited several cases as authority for the filing of such an amendment. He referred to his error of incorrectly reporting the debtor's name on the petition as excusable neglect and said that he believed someone in his office had checked the Secretary of State's records before the case filing. He asked that the motion to dismiss be denied. Thereafter, he filed an amended petition purporting to change the name of the debtor to La Nails – HT LLC.[2]

At the hearing on the motion to dismiss, the attorney for the UST said that his investigation disclosed that Trustee Inghram had raised the issue of the incorrect name on the petition at continued creditors meetings on May 16, 2022, and June 6, 2022. He asserted that Attorney Abbott had a duty to

---

[2] Attorney Abbott has not explained why the name on the amended petition—La Nails – HT LLC— differs from the name he said was the correct name in his response—Le Nails – HT, LLC. Per the Illinois Secretary of State's website, La Nails – HT LLC appears to be the name of an existing entity.

3

investigate the correct name of a corporate debtor before filing a case and that, because the alleged debtor named in the petition does not exist, the case should be dismissed. He also took issue with Attorney Abbott's suggestion in his response that the UST's filing of the motion to dismiss somehow delayed or interfered with his ability to promptly address the issue. The case had been on file for 135 days as of the hearing date, and counsel for Le La Nails, LLC had received notice of the problem from Trustee Inghram several months before the amended petition was filed.

Attorney Abbott appeared at the hearing. He admitted that his delay in addressing the problem came from his own discomfort with the issue; Trustee Inghram had suggested amending the petition, but Attorney Abbott was unsure if that was an appropriate option. He agreed that he could, however, have done his research before the UST filed the motion to dismiss. When asked by the Court whether his office had a policy of running the names of corporate debtors through the Secretary of State's website for verification, Attorney Abbott equivocated. He said that he had assumed that such a search had been run when he filed the case. He said that he had since talked with one of his firm's paralegals who told him that it had been her practice to run such searches when she handled business cases for the firm. The paralegal does not, however, work on business cases for the firm at this time, and Attorney Abbott apparently had no expectation that she was involved in preparing the papers in this case. He admitted that whoever is assisting him with business cases now has not been trained to run corporate name searches through the Secretary of

State's website before cases are filed; obviously, no search was done in this case.

At the conclusion of the hearing, this Court stated that the case would be dismissed, and an Opinion and Order would be forthcoming.

*B. Autopro Transportation Inc.*

Autopro Transportation Inc. filed a voluntary Chapter 7 petition on May 19, 2022. Attorney Thomas Carlisle signed and filed the petition. Attorney Abbott, associated with Attorney Carlisle at the Ostling & Associates firm, entered an additional appearance for the alleged debtor. Andrew Erickson was appointed and continues to serve as the Chapter 7 trustee in the case.

Eight days after the case was filed, Trustee Erickson filed a motion to compel seeking the production of a significant volume of corporate and financial records. He noted specifically that he was requesting documentation confirming the alleged debtor's legal name and place of incorporation because he had been unable to locate any record of the alleged debtor through the Illinois Secretary of State's online database.

At a hearing on the motion to compel, Trustee Erickson repeated his concern that he could not find any record of Autopro Transportation Inc. on the Secretary of State's website. He further reported contacting Farmer's Bank about several bank accounts that had been scheduled. Farmer's Bank had responded that it had located the accounts; one was held in the name of Auto Pro Transport, Inc. under a different employer identification number ("EIN")

5

than the one used on the petition, and the other was held in the name of A Southern Kitchen LLC. He said that he had located a record of Auto Pro Transport, Inc. being incorporated in Illinois, and the individuals associated with that entity appeared to be the same as those who had filed this case. Trustee Erickson questioned whether he could exercise control over assets owned by an entity other than the named debtor and complained that he had yet to receive any assistance from the alleged debtor's attorneys in sorting out the confusion.

Attorney Abbott appeared and said that he had seen the requests for information from Trustee Erickson and that he attempted to look into the issues. He opined that perhaps the debtor had put the wrong name on its bank account but admitted that would not explain the lack of incorporation records for Autopro Transportation Inc. with the Secretary of State. He promised that he would try to get documents to Trustee Erickson promptly. When questioned by the Court as to whether his office had filed the case without verifying their client's name through the Secretary of State's website, Attorney Abbott said that he was not aware that a search of the website had been made. An order was entered requiring that all requested documents be provided within seven days, and the matter was reset for further hearing to monitor compliance.

At the continued hearing on Trustee Erickson's motion, he reported that he had reviewed the articles of incorporation for the alleged debtor and that the name on the document was Auto Pro Transport, Inc. rather than Autopro Transportation Inc. as shown on the petition. He also said that he had reviewed

IRS notices and determined that the EIN on the petition did not match the EIN assigned by the IRS to Auto Pro Transport, Inc. He repeated his concerns about the scheduled Farmer's Bank accounts being held in the names of other entities. He also reported that he had attempted to hold a scheduled creditors meeting the day before, but no one had appeared for the alleged debtor.

    Attorney Abbott appeared at the continued hearing but had no explanation for the missed creditors meeting; he said Attorney Carlisle was assigned to cover the meeting. He also said that he was preparing to amend the petition but had not yet done so. When questioned by the Court about whether a petition with an incorrect debtor name and incorrect EIN could be amended, he mentioned the Le La Nails case and said that Trustee Inghram had said that such amendments could be made. The Court admonished Attorney Abbott that the problems were serious, that it appeared that the basic investigation into the facts required by Federal Rule of Bankruptcy Procedure 9011 had not been done, and that sanctions might be appropriate for such failure. Attorney Abbott asked for a short continuance to research the law, and the matter was again set over.

    The UST filed a motion to dismiss on June 27, 2022.[3] In the motion, the UST asserted that Autopro Transportation Inc. is not and never has been an entity eligible to file bankruptcy because it never existed. The UST said that the correct name for the debtor appeared to be Auto Pro Transport, Inc. but also

---

[3] The UST also filed a motion seeking a review of the alleged debtor's transactions with its attorneys and a determination of the reasonableness of the fees charged. That motion is being decided separately from the motion to dismiss.

7

noted that the EIN on the petition appeared to be incorrect. The UST questioned whether the funds already collected by Trustee Erickson from scheduled bank accounts were actually property of the estate. The UST asked that the case be dismissed and that Trustee Erickson be authorized to return the funds he had collected.

The day before the hearing on the motion to dismiss, Attorney Abbott filed a response virtually identical to the response filed in the Le La Nails case. He said that he was delayed in filing an amended petition due to the UST's filing of the motion to dismiss. He also claimed that "counsel" assumed that the Secretary of State's website had been checked before the case was filed; he did not specify whether "counsel" referred to himself, Attorney Carlisle, or both. He cited several cases that he said supported the allowance of an amended petition to correct the errors here. On the same day, he filed an amended petition changing the debtor's name to Auto Pro Transport, Inc. and correcting the EIN.

The hearing on the motion to dismiss was held shortly after the conclusion of the Le La Nails motion to dismiss hearing. The attorney for the UST, knowing that he had prevailed in the first case, added only that this case had been filed on May 19, 2022, three days after the continued creditors meeting in the Le La Nails case at which Trustee Inghram had alerted the attorneys to the problem with the debtor's name there. He suggested that if Attorney Abbott and his colleagues had taken Trustee Inghram's concerns

8

seriously, they would have quickly updated their procedures and this case would not have been filed using an incorrect name.

Attorney Abbott had little to add. When asked about the incorrect EIN, he said that it was his impression that the correct EIN had been used. He did not explain why then the day before he had filed an amended petition changing not only the debtor's name but also the EIN. Trustee Erickson stated that, notwithstanding the work he had in the case and the fact that he had collected a small amount of funds, he believed that the case should be dismissed. He requested that the Court authorize him to refund the money he had collected.

At the conclusion of the hearing, this Court stated that the case would be dismissed, and an Opinion and Order would be forthcoming.

## II.    Jurisdiction

This Court has jurisdiction over the issues before it pursuant to 28 U.S.C. §1334. All bankruptcy cases and proceedings filed in the Central District of Illinois have been referred to the bankruptcy judges. CDIL-Bankr. LR 4.1; *see* 28 U.S.C. §157(a). Resolving a motion to dismiss a bankruptcy case is part of the administration of the case and is a core proceeding. 28 U.S.C. §157(b)(2)(A). These matters arise from the debtors' bankruptcies themselves and from the provisions of the Bankruptcy Code and may therefore be constitutionally decided by a bankruptcy judge. *See Stern v. Marshall*, 564 U.S. 462, 499 (2011).

9

### III. Legal Analysis

The UST seeks dismissal of both cases because the debtors that purportedly filed each case do not exist. The Code is clear that "only a person that resides or has a domicile, a place of business, or property in the United States . . . may be a debtor" in a bankruptcy case. 11 U.S.C. §109(a). "The term 'person' includes individual, partnership, and corporation[.]" 11 U.S.C. §101(41). State law controls whether a corporation, limited liability company, or other business entity is a "person" eligible to file a bankruptcy case. *In re A Car Rental, Inc.,* 166 B.R. 869, 870 (Bankr. S.D. Tex. 1993) (citation omitted). The UST says that, under Illinois law, neither Le La Nails, LLC nor Autopro Transportation Inc. ever existed; there is no record of the existence of either entity available from the Illinois Secretary of State. In their responses to the motions to dismiss, neither Le La Nails, LLC nor Autopro Transportation Inc. claimed to be an entity that exists or ever existed.

The apparent concession by the attorneys for Le La Nails, LLC and Autopro Transportation Inc. that the entities never existed controls the decision here. If neither ever existed, then neither entity is a person and neither could have had a residence, domicile, place of business, or property in the United States. Therefore, neither would be eligible to file a bankruptcy case. 11 U.S.C. §109(a). Further, if neither existed, then neither had shareholders, officers, directors, members, managers, or other agents authorized to act on its behalf. Accordingly, the individuals signing the voluntary petitions and other papers as the agents of the non-existent entities misrepresented their status and their

10

legal authority to act. Each petition contained an unsworn declaration signed by an individual, under penalty of perjury, asserting that the individual was authorized to the file the petition "by the debtor" and that in his or her reasonable belief, the information on the petition was true and correct. 28 U.S.C. §1746; Fed. R. Bankr. P. 1008. Both unsworn declarations are clearly false.

To avoid dismissal, the attorneys for Le La Nails, LLC and Autopro Transportation Inc. say that they have amended the voluntary petitions filed in each case to reflect the correct names of the intended debtors. They cite authority for the proposition that, even when a filing entity is non-existent, an amended petition may be filed to correct a misnomer. *See In re Tonico Mfg.* Co., 101 B.R. 317, 319-20 (Bankr. M.D. Fla. 1989). They claim that amendments may be made to voluntary petitions "as a matter of course at any time before the case is closed." Fed. R. Bankr. P. 1009(a). Their argument is not persuasive.

Petitions and other papers may be amended "by the debtor." *Id.* But when there is no debtor because the entity named on the petition does not exist, there can be no debtor authorized to file amendments. More precisely, as set forth above, when a purported debtor does not exist, there can be no individual authorized to signed documents on its behalf. If no individual was authorized to sign the voluntary petition in the first place, then there is no individual authorized to sign an amendment to the voluntary petition on behalf of the non-existent debtor. *Tonico* and the cases it relies on ignore this

11

impediment to amending and treat the amending of a petition filed by a non-existent entity as a routine, clerical matter. This Court disagrees with that analysis.

The proposed amendments do more than simply correct clerical errors—they actually propose to swap an existing entity for the non-existent entity that filed each case. In considering whether Rule 1009(a) would permit such an amendment, one court has said that "[n]o one would seriously argue that the rule would permit an amendment to substitute a new and different debtor." *In re Clinton*, 166 B.R. 195, 198 (Bankr. N.D. Ga. 1994). The *Clinton* court went on to explain that "[t]he identity of the debtor and the debtor's estate obviously cannot be a moving target that leaves trustees and creditors guessing whether an amendment may retroactively invoke the automatic stay to protect a totally different entity than the one identified in the original petition." *Id.* Other courts have come to the same conclusion, finding that a person who did not file a case in the first place cannot rely on Rule 1009(a) to substitute as the debtor. *See, e.g., In re Sharafinski*, 2007 WL 541938, at *4 (N.D. Ind. Feb. 15, 2007).

This Court finds the reasoning of *Clinton* and *Sharafinski* compelling. The problems here were caused by the sloppy practices of Attorney Abbott and Attorney Carlisle. They are obviously not taking any steps to verify the names of potential business debtors or, apparently, to verify the authority of whatever individual walks in their door to file a business case on behalf of an entity. Attorney Abbott's claim that he spoke with a firm paralegal after the problems arose in these cases—who said she knew to run a search of the Secretary of

State's website for corporate debtors before filing but did not run searches here because she was not involved in these cases—aggravates rather than mitigates the situation. The need to take particular care when filing business cases is obvious, and there is simply no excuse for what happened in each case here. Nothing about what happened here justifies allowing amendments to substitute different debtors for those named in the original petitions.

Although the Court finds sloppiness but not malice in the mistakes made here, this Court must be cognizant of the problems that could arise if substitutions of the type proposed here were routinely allowed. As *Clinton* points out, creditors, trustees, and other parties in interest should not have to guess if the entity in bankruptcy is the entity that they did business with, what property is property of the estate, or whether the automatic stay is in force with respect to particular acts or property. Trustees should be able to rely on a debtor's reported name and EIN to run public searches to not only find out if the debtor exists but also determine ownership of property, the existence of liens, and other information needed to administer an estate. Creditors should be able to rely on notices to determine if they must stop pending litigation or should file a claim. None of this can occur if a debtor is misnamed on the petition and faulty notice is sent to the trustee, creditors, and parties in interest.

Allowing the proposed amendments here would effectively and prejudicially relieve debtors and their attorneys of their responsibility to file accurate information. It is incredibly easy for attorneys to check the exact

name of a business debtor through free, online public record searches. There is no reason to file petitions with incorrectly named debtors. But when that does occur, the consequences should be imposed on those at fault. Only strict compliance with the Code and Rules about who may be a debtor will protect all interested parties and promote the proper administration of bankruptcy estates. The proposed amendments cannot be processed, and the cases must be dismissed.

## IV. Conclusion

Neither Le La Nails, LLC nor Autopro Transportation Inc. ever existed. Neither ever had a residence, domicile, place of business, or property in the United States. Neither ever had a shareholder, officer, director, member, or manager authorized to file a bankruptcy case on its behalf. For these reasons, both Le La Nails, LLC and Autopro Transportation Inc. were ineligible to be debtors in the bankruptcy cases filed in their names. Both cases will be dismissed.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.

###